### Frank McMullen *v.* The State.

Presumption of Innocence — Charge of the Court. — That the defendant in a criminal case is presumed to be innocent until his guilt is established by legal evidence is a well-settled principle of law, and a statutory right in this State; and when the court is asked to give it in charge to the jury, it is error to refuse so to do because the general charge instructs the jury upon the reasonable doubt.

Appeal from the District Court of Lavaca. Tried below before the Hon. E. Lewis.

The opinion sufficiently states the case. The indictment and conviction were for theft.

No brief for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

WHITE, J. On the trial below, appellant asked the court to charge the jury " that the law presumes every defendant in a criminal prosecution innocent until his guilt is clearly established by the evidence; and in case you have a reasonable doubt of the defendant's guilt, you will acquit him." This instruction the court refused to give, because, as stated in his memorandum, he had substantially given it in the general charge. All that we have been able to find in the general charge bearing upon the subject is contained in the seventh paragraph, in these words: "If the jury, after considering all the evidence and circumstances testified to by witnesses, shall have any reasonable doubt of the guilt of the defendant, or any reasonable doubt as to whether he knew that the said gelding was being stolen, if the same was stolen, then they should acquit him."

It will be seen that the court does not instruct the jury upon *the presumption of innocence*, though he does instruct them upon the reasonable doubt.

Our statute, which is almost in the very words of the special charge asked by defendant, *supra*, reads: "A defendant in a criminal cause is presumed to be innocent until his guilt is established by legal evidence, and in case of reasonable doubt he is entitled to be acquitted." Pasc. Dig., art. 3105.

Defendant was entitled to have his charge given. The law confers upon him the right to the presumption of innocence, when asked, as much as it does to the reasonable doubt. 2 Burrill on Cir. Ev. 58, 59. So far as this court is concerned, repeated decisions have settled the question of this right, and experience not only confirms us in the correctness of our decisions, but also in the wisdom, justice, magnanimity, and humanity of the law which affords these two inestimable boons of mercy and protection to those charged with the commission of crime. *Black* v. *The State*, 1 Texas Ct. App. 369; *Preismuth* v. *The State*, 1 Texas Ct. App.

480 ; *Hampton* v. *The State*, 1 Texas Ct. App. 652 ; *Tread-way* v. *The State*, 1 Texas Ct. App. 668 ; *Blake* v. *The State*, 3 Texas Ct. App. 581.

Because the court erred in refusing to give in charge to the jury the instruction asked by defendant, or some similar instruction embodying the same principle of law, the judgment rendered below is reversed, and the cause remanded for a new trial.

*Reversed and remanded.*